120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 97-10021.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A.J.C., a juvenile male, appeals his conviction for juvenile delinquency for possessing a handgun in violation of 18 U.S.C. § 922(x)(2). A.J.C. argues that the district court erred in denying his motion to dismiss and challenges, in the alternative, the constitutionality of 18 U.S.C. § 922(x)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * On October 5, 1997, South Tucson Police Office Edward Cajas effected a traffic stop on a black Chevrolet travelling south on Sixth Avenue in South Tucson. The vehicle had a defective license plate light in violation of A.R.S. § 28-925. Four teenage males, all Hispanic, were in the car. Defendant A.J.C. rode in the back seat on the passenger side. Officer Cajas called for backup because the car had multiple passengers. Cajas then asked the driver for his license, registration and proof of insurance. Cajas asked the driver to exit the car and conducted a pat-down search.
 
 
 4
 After arriving on the scene, backup Officer Steve Bejarano questioned the passengers, all of whom denied possession of any weapons. Officer Bejarano asked the occupants to exit the car; he performed a pat-down search for safety reasons and recovered a handgun from A.J.C.
 
 
 5
 The government charged A.J.C. with an act of juvenile delinquency pursuant to 18 U.S.C. § 5032 for possession of a handgun in violation of 18 U.S.C. § 922(x)(2).[1] A.J.C. moved to suppress. The district court denied the motion. The case was then submitted on the record. The district court found A.J.C. to be delinquent and sentenced him to 36 months probation. A.J.C. filed this timely appeal.
 
 II
 
 6
 A.J.C. argues that Officer Bejarano's pat-down search violated his Fourth Amendment rights. We review a district court's denial of a motion to suppress de novo; we review underlying factual findings for clear error. United States v. Noushfar, 78 F.3d 1442, 1447 (9th Cir.1996).
 
 
 7
 Only Officer Berajano's investigative stop and frisk are at issue; A.J.C. does not contest either the initial stop or the Officer's request for him to exit the car. In order to conduct an investigative stop and frisk for weapons, a law enforcement agent must have a founded or reasonable suspicion "that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968); see United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988).
 
 
 8
 Officer Bejarano's pat-down search was proper. He concluded that reasonable suspicion existed based on: (1) the location of the stop, and (2) the defendant's hesitancy and nervous response to his questions concerning weapons. Bejarano testified that the Sixth Avenue area, where he effected the stop, was a high crime area and that armed gang members often "cruised" this area. He also noted that when he questioned A.J.C. as to whether he had a weapon, A.J.C. hesitated and appeared nervous before answering. See, e.g., United States v. Wilson, 7 F.3d 828, 834 (9th Cir.1993) (suspect's nervousness can give rise to a reasonable suspicion of criminal activity). These factors justified Berajano's reasonable suspicion. See United States v. Sokolow, 490 U.S. 1, 9-10 (1988) (a series of acts, perhaps innocent if viewed separately, may warrant further investigation when taken together). The district court did not err.
 
 III
 
 9
 A.J.C. also attacks the constitutionality of 18 U.S.C. § 922(x)(2) under the Commerce Clause. We review the constitutionality of criminal statutes de novo. United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994), cert. denied, 512 U.S. 1171 (1995).
 
 
 10
 A.J.C. claims that § 922(x)(2) violates the Commerce Clause because the statute: (1) is unrelated to commerce; (2) contains no jurisdictional element in relation to an unlawful possession; and (3) lacks the requisite congressional findings. We rejected a similar challenge in United States v. Michael R., 90 F.3d 340, 345 (9th Cir.1996).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Title 18 U.S.C. § 922(x)(2) reads:
 It shall be unlawful for any person who is a juvenile to knowingly possess--
 (A) a handgun; or
 (B) ammunition that is suitable for use only in a handgun.